UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENNESE HOWARD,

      Plaintiff,

v.

MGM GRAND DETROIT, LLC, d/b/a MGM
GRAND DETROIT CASINO;
INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA-UAW; and LOCAL 7777,

      Defendants.
      _____/

Case No. 08-10253

Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANTS' OCTOBER 16, 2009
## MOTIONS FOR SUMMARY JUDGMENT

This matter came before the court on the defendant unions' October 16, 2009 motion for summary judgment and defendant MGM Grand's October 16, 2009 motion for summary judgment. No responses were filed, and no oral argument was heard. LR 7.1(e)(2) (E.D. Mich. Dec. 1, 2005).

Plaintiff filed her complaint January 16, 2008. The defendant unions filed a motion to dismiss Count V of the Complaint, and Plaintiff subsequently filed an Amended Complaint June 24, 2008. Pursuant to the August 25, 2009 stipulated, amended scheduling order in this matter, discovery closed September 18, 2009; and the dispositive motion cut-off date was October 16, 2009.

Defendants filed their motions for summary judgment in a timely manner. Rule 56 of the Federal Rules of Civil Procedure provides that "a party opposing the motion [for summary judgment] *must* file a response within 21 days after the motion is served . . . ." Fed. R. Civ. P. 56(c)(1)(B)(emphasis added). However, plaintiff Howard, despite having had three months to do

so, has failed to file a response to either motion. The hearing on the motions has been adjourned more than once, providing Plaintiff's counsel with more than ample opportunity to respond.

Under Rule 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e).

In this case, Defendants have met their burden, and Plaintiff has failed to set forth specific facts showing a genuine triable issue. Accordingly, Defendants are entitled to summary judgment.

## ORDER

It is hereby **ORDERED** that the defendant unions' October 16, 2009 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that defendant MGM Grand's October 16, 2009 motion for summary judgment is **GRANTED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  January 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 15, 2010, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager